**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| CESAR TOMAS AVALOS,<br><br>                    Plaintiff,<br><br>     v.<br><br>GENERAL MOTORS LLC,<br><br>                    Defendant. | CASE NO. CV 25-11434-AS<br><br>**ORDER DENYING PLAINTIFF'S**<br><br>**MOTION TO REMAND** |

**INTRODUCTION**

On August 5, 2025, Plaintiff Cesar Tomas Avalos ("Plaintiff"), filed a Complaint against Defendant General Motors LLC ("Defendant"), in Los Angeles County Superior Court, Case No. 25STCV23049, asserting claims under the California Song-Beverly Consumer Warranty Act for breach of express warranty, breach of the implied warranty of merchantability, and violation of California Civil Code section 1793.2. (Dkt. No. 1-1, at 10-16 ("Complaint")). On August 6, 2025, Plaintiff served the Summons and Complaint on Defendant. (Dkt. No. 7-1, at 5-6). On September 4, 2025, Defendant filed an Answer to the Complaint. (Dkt. No. 1-

2). On December 1, 2025, Defendant filed the Notice of Removal, removing the case to this Court based on diversity jurisdiction. (Dkt. No. 1).

On December 30, 2025, Plaintiff filed a Motion to Remand ("Motion") along with a supporting Memorandum of Points and Authorities ("Motion Mem."), a declaration of counsel ("Plata Decl.") and an exhibit. (Dkt. No. 7). Plaintiff contends that remand is warranted because Defendant's removal of the case to this Court (1) was untimely and (2) fails to establish that the case satisfies the amount-in-controversy requirement. (See Motion Mem. at 5-10). On January 6, 2026, Defendant filed an Opposition to the Motion, along with a supporting declaration of counsel ("Fitch Decl.") and exhibits. (Dkt. No. 12). Plaintiff followed with a Reply on January 22, 2026. (Dkt. No. 13).

For the reasons set forth below, the Motion is DENIED.[1]

**LEGAL STANDARD**

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge for all purposes. (See Dkt. Nos. 5-6).

district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original subject matter jurisdiction where an action presents either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Generally, a court has diversity jurisdiction only when there is complete diversity of citizenship among adverse parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal quotation marks and brackets omitted)). If there is any doubt as to whether removal is proper, remand must be ordered. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." Id.

**DISCUSSION**

As indicated above, Plaintiff's Motion contends that remand is warranted because Defendant's removal (1) was untimely and (2)

3

fails to satisfy the amount-in-controversy requirement. (See Motion Memo at 4-10). The Motion is denied.

## A.   Defendant's Removal Was Timely

### 1.   Applicable Law

The Ninth Circuit has explained that there are three pathways for removal of an action from state court based on diversity jurisdiction. See Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1124 (9th Cir. 2013). The first two pathways are contained in 28 U.S.C. § 1446(b) and impose thirty-day deadlines for removal. See Dietrich v. Boeing Co., 14 F.4th 1089, 1093 (9th Cir. 2021). The third pathway is based on reading 28 U.S.C. § 1446 together with 28 U.S.C. § 1441 and permits removal up to one year from the filing of the complaint, but this pathway only applies if the first two do not. See Roth, 720 F.3d at 1125-26.

The first pathway is set forth by § 1446(b)(1) and states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Section 1446(b)(1) "only applies if the case stated by the initial pleading is removable on

4

its face," as determined "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694.

The second pathway is set forth by § 1446(b)(3) and states in relevant part that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) is triggered only where "an amended pleading, motion, order, or other paper . . . [makes] a ground for removal unequivocally clear and certain." Dietrich, 14 F.4th at 1095.

The third pathway is based on the interaction of § 1446 with § 1441. See Roth, 720 F.3d at 1125. Section 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit has explained "that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth, 720 F.3d at 1125. Thus, "a defendant who has not lost the right to remove because of

a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." Id. at 1123. The only time limit on removal under this third pathway is that a defendant must file the notice of removal within one year of the filing of the complaint. Id. at 1126 (citing 28 U.S.C. § 1446(c)(1) for the one-year time limit).

**2.   Analysis**

It is undisputed that Defendant removed this case to this Court more than thirty days after service of the Complaint; indeed, removal occurred almost four months after service, long after Defendant already had answered the Complaint. (See Plata Decl. ¶¶ 5-6, 9). Defendant asserts that the thirty-day deadlines of § 1446(b)(1) and § 1446(b)(3) do not apply here because Plaintiff's Complaint is ambiguous as to Plaintiff's state of citizenship and the amount in controversy. (See Notice of Removal at 6-10; Opposition at 14-18). Particularly as to the latter, as Defendant points out, the Complaint fails to provide any of the values needed to calculate the amount of damages sought.

Plaintiff contends that a thirty-day deadline applied because the face of the Complaint provided sufficient information for Defendant to plausibly allege that the amount in controversy was met. (See Motion Mem. at 5-8). The Complaint asserts breach-of-warranty claims under the Song-Beverly Consumer Warranty Act arising out of Plaintiff's purchase of a 2024 Chevrolet Equinox RS

on October 18, 2023. (See Compl. at 1-4). As relief, the Complaint seeks a rescission of the purchase contract and restitution of all monies expended on the subject vehicle, general, special, incidental, and consequential damages, as well as a civil penalty of up to two times the amount of actual damages, along with attorneys' fees and costs. (See Compl. at 5).

The Song-Beverly Act permits the purchaser of a vehicle to obtain restitution equal to "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(1). The usage offset is calculated based on "the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer." Id. § 1793.2(d)(2)(C). In addition, under newly enacted California law, defendants in actions seeking restitution for motor vehicles are entitled to offset from the purchase price any negative equity, manufacturer's rebate, third-party sold optional equipment, and unpaid financing. Cal. Code Civ. Proc. § 871.27(b), (c), (d), (f).

In Plaintiff's Complaint, not only is the amount of damages unspecified, but so too are the purchase price, the mileage, and any other facts related to the subject vehicle aside from the make, model, year, and Vehicle Identification Number ("VIN"). Plaintiff nonetheless asserts that this information alone sufficed for Defendant to estimate the vehicle's market value and thereby calculate the total damages sought, given that Defendant has "sophisticated knowledge of the motor vehicle industry" and was

7

the vehicle's "manufacturer and distributor." (Motion Mem. at 6-7).

It is true that defendants are required to "apply a reasonable amount of intelligence in ascertaining removability," and "[m]ultiplying figures clearly stated in a complaint is an aspect of that duty." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013). However, when no such figures are provided, "defendants need not make extrapolations or engage in guesswork," id., nor are they expected to rely on their "subjective knowledge" or "pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable," Carvalho v. Equifax Inf. Servs., LLC, 629 F.3d 876, 885-86 (9th Cir. 2010). To the contrary, as indicated above, the thirty-day deadline under § 1441(b)(1) applies only if the basis for removal may be determined by examining "the four corners" of the Complaint itself, "not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694.

Thus, absent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline. See, e.g., Alvarez-Munguia v. Ford Motor Co., 2024 WL 69076, at *2 (N.D. Cal. Jan. 5, 2024) (complaint did not trigger thirty-day removal deadline because it alleged only categories of relief and did not identify any "specific measure of damages, nor [did] it allege the amount of attorneys' fees and costs incurred"); Pastrana v. Nissan N. Am., Inc., 2024 WL 2817533,

at *2 (C.D. Cal. June 3, 2024) (thirty-day deadline was not triggered where the complaint did not "list a dollar amount corresponding to the damages"); Moran v. Ford Motor Co., 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023) ("[W]hile Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was under no obligation to do so."); see also Valentin v. Gen. Motors, LLC, 2026 WL 836347, at *2 (N.D. Cal. Mar. 26, 2026) ("A substantial majority of courts have found that without pleading facts about the vehicle's value, a complaint is indeterminate concerning the amount in controversy and therefore removability is not yet clear." (collecting cases)).

As the values needed to calculate damages are not contained within the "four corners" of Plaintiff's Complaint, § 1441(b)(1) does not apply. See Harris, 425 F.3d at 694.

As indicated above, § 1446(b)(3) provides another pathway whereby removal may be accomplished within thirty days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). To qualify, the amended pleading, motion, order, or "other paper" must make the basis for removal "unequivocally clear and certain." Dietrich, 14 F.4th at 1095.

Plaintiff contends that the amount of controversy became "unquestionably ascertainable" at least by October 7, 2025, when Plaintiff produced a copy of the subject vehicle's sales agreement

which identified the vehicle's total sales price – $58,620.15. (Motion Mem. at 3, 7-8; Plata Decl. ¶ 8; see Fitch Decl. ¶ 2, Ex. A). However, "[w]hile Plaintiff[] disclosed the purchase price of the vehicle" by providing the sales agreement, he "did not provide information about the vehicle's 'payoff history' or the number of miles driven. Defendant therefore lacked information needed to calculate the available damages." Stewart v. Gen. Motors LLC, 2025 WL 2848991, at *4 (C.D. Cal. Oct. 7, 2025) (citing Lopez v. Gen. Motors, LLC, 2025 WL 2629545, at *3 (C.D. Cal. Sept. 11, 2025); Covarrubias v. Ford Motor Co., 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025))). In other words, as numerous district courts have concluded in similar circumstances, the Complaint and sales agreement, by themselves, did not make the amount in controversy "unequivocally clear and certain" to Defendant, as needed to trigger § 1446(b)(3). See, e.g., Valentin, 2026 WL 836347, at *3 n.4 ("The car sales agreement alone did not trigger removal under the 'unequivocally clear and certain' standard."); Bateman v. Gen. Motors LLC, 2026 WL 412521, at *4 (C.D. Cal. Feb. 12, 2026) ("[W]hile the Sales Agreement may have made it likely that the amount in controversy requirement was met, 'likely' is not 'unequivocally clear and certain.' . . . . [Plaintiff's] production of the Sales Agreement did not meet the high standard for triggering removability." (citation omitted)); Lopez, 2025 WL 2629545, at *3 (amount in controversy was not "unequivocally clear and certain" absent loan payment history). To calculate damages with sufficient certainty, Defendant needed to resort to information obtained though its own investigation or from documents that Plaintiff disclosed later.

10

Furthermore, without sufficient information to calculate actual damages with certainty, Defendant also had no basis to calculate civil penalties. See, e.g., Stewart, 2025 WL 2848991, at *4 (same); Lopez, 2025 WL 2629545, at *4 (same); Bateman, 2026 WL 412521, at *4 (same). There was also no information in the Complaint or other papers to calculate attorneys' fees.

Accordingly, since neither § 1446(b)(1) or § 1446(b)(3) are applicable, Defendant timely filed the Notice of Removal within one year of the commencement of this action. Roth, 720 F.3d at 1125.

**B.   Defendant Has Established by a Preponderance of the Evidence that the Amount in Controversy Exceeds $75,000**

**1.   Applicable Law**

As previously noted, § 1332 "gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)). "Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" Chavez v. JP Morgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (citation omitted); Guglielmo v. McKee Foods Corp., 506 F.3d 696, 699 (9th

Cir. 2007); see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010) ("[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction – typically the defendant in the substantive dispute – has the burden to prove, by a preponderance of the evidence, that removal is proper."). "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). The parties also may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted).

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (citing Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018)) (emphasis in original). Thus, the amount in controversy is the amount "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them." Chavez, 888 F.3d at 417.

"[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018).

**2.   Analysis**

Plaintiff contends that Defendant has failed to meet its burden to establish the amount in controversy necessary to provide this Court with subject matter jurisdiction. (Motion Mem. at 8-10; Reply at 4-7). However, as set forth below, Defendant has provided ample evidence to support its amount-in-controversy allegations based on Plaintiff's claims for (a) actual damages and (b) civil penalties.[2]

*a.   Actual Damages*

Under the Song-Beverly Act, the purchaser of a vehicle may obtain restitution equal to "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(1). The usage offset (or "mileage offset") is calculated by multiplying the purchase price by a fraction with a denominator of 120,000 and a numerator of "the number of miles traveled by the new motor vehicle prior to the time the buyer first

_____

[2] Because the threshold is satisfied based on the calculation of actual damages and civil penalties, the Court need not address Defendant's estimate of attorneys' fees.

13

delivered the vehicle to the manufacturer." Id. § 1793.2(d)(2)(C). In addition, under newly enacted California law, defendants in actions seeking restitution for motor vehicles are entitled to offset from the purchase price any negative equity, manufacturer's rebate, third-party sold optional equipment, and unpaid financing. Cal. Code Civ. Proc. § 871.27(b), (c), (d), (f).[3] The Ninth Circuit has explained that, because "an estimate of the amount in controversy must be reduced if 'a specific rule of law or measure of damages limits the amount of damages recoverable,'" consideration of the Song-Beverly Act's offsets in calculating the amount in controversy is "appropriate." Schneider v. Ford Motor Co., 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (quoting Morris v. Hotel Riviera, Inc., 704 F.2d 1113, 1115 (9th Cir. 1983)).

Here, Plaintiff purchased the subject vehicle (a 2024 Chevrolet Equinox RS) on October 18, 2023, for $58,620.15, with 18 miles on the odometer. (Fitch Decl. ¶ 2, Ex. A at 1 (sales agreement)). On July 8, 2024, with 21,887 miles on the odometer, Plaintiff presented the vehicle to a dealership for repair of the defect claim he appears to be pursuing here. (Id. ¶ 3, Ex. B (repair history summary)). Plaintiff's use of the vehicle before discovering this alleged nonconformity was 21,869 miles (21,887—18). As Defendant points out, dividing this number by 120,000 and multiplying this by the cash price of the vehicle — which is

---

[3] Section 871.27 was enacted as part of California Assembly Bill 1755 and went into effect on January 1, 2025. See A.B. 1755, 2023-24 Leg., Reg. Sess. (Cal. 2024). Because this action was initiated after January 1, 2025, these requirements apply here.

14

$36,460.00 (see Fitch Decl. Ex. A at 2) — results in an estimated mileage offset of $6,644.53. See Cal. Civil Code § 1793.2(d)(2)(C). Additionally, Defendant has identified $4,222.00 in other offsets for optional third-party contracts. (Fitch Decl. Ex. A at 2); Cal. Code Civ. Proc. § 871.27. Deducting these offsets of $4,222.00 and the usage/mileage offset of $6,644.53 from the total purchase price of $58,620.15 results in $47,753.62.

The amount of unpaid financing also must be deducted. As of July 17, 2025, Plaintiff had $32,390.09 remaining in unpaid financing. (Fitch Decl. ¶ 4, Ex. C (loan payoff estimate)). As Defendant notes, "[g]iven that this matter is unlikely to resolve early, it would be reasonable to estimate at least 18 additional monthly payments of $715.65 prior to resolution of trial and any appeal, leaving an estimated $19,508.39 in unpaid financing." (Opposition at 19; see Fitch Decl. Ex. A at 1). By then subtracting that amount from $47,753.62, Defendant posits that the amount of "actual" damages at issue here is $28,245.23.[4]

---

[4] This estimate of actual damages presented in Defendant's Opposition is appropriately revised from the $47,753.62 estimate presented in the Notice of Removal. (See Notice of Removal at 5). "[A] notice of removal must include only 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" Schneider, 756 F. App'x at 700 (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014)). "The preponderance of the evidence standard applies only after 'the plaintiff contests, or the court questions, the defendant's allegation' and 'both sides submit proof.'" Id. at 700-01 (quoting Owens, U.S. at 89).

Plaintiff contends that this latter calculation of future loan payments is speculative. (See Reply at 4-5). However, because the amount in controversy "is simply an estimate of the total amount in dispute," Defendant "is permitted to rely on a chain of reasoning that includes assumptions to calculate the amount in controversy." Perez v. Rose Hills Co., 131 F.4th 804, 808 (9th Cir. 2025) (citations and internal quotation marks omitted). Here, Defendant's assumptions are reasonable, and its calculations are supported by sufficient documentation.

### b.   Civil Penalty

In addition to actual damages, the Complaint seeks a civil penalty of up to two times the amount of actual damages (see Compl. at 5), as permitted for willful violations of the Song-Beverly Act, see Cal. Civ. Code § 1794(c). "Courts treat the Song-Beverly Act's civil penalties akin to punitive damages," Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1003 (C.D. Cal. 2021) (citing Suman v. Superior Court, 39 Cal. App. 4th 1309, 1317 (1995)), and "[i]t is well established that punitive damages are part of the amount in controversy in a civil action," Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) (citing Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943)).

Plaintiff contends that Defendant cannot merely assume the maximum civil penalty award and must instead "offer evidence of willfulness that might support such an award." (Motion Mem. at 10; Reply at 5-6). Here, however, the Complaint expressly alleges that

Defendant's conduct was willful (see Compl. ¶ 17, 24, 28) and seeks "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to [California] Civil Code section 1794(c)" (Compl. at 5). In such circumstances, several courts have appropriately found that maximum civil penalties may be included in calculating the amount in controversy. See Amavizca v. Nissan N. Am., Inc., 2023 WL 3020489, at *6 (C.D. Cal. Apr. 19, 2023) ("Many courts have included the maximum civil penalty available under the Song-Beverly Act as part of the amount in controversy, at least when the plaintiff alleges that the defendant acted willfully and requests the full penalty in the complaint." (collecting cases)); Canesco v. Ford Motor Co., 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) ("[T]his Court sides with the majority of courts and more recent cases, which find civil penalties appropriate for inclusion in the calculation of the amount in controversy without the defendant needing to 'prove a case against itself' with respect to liability for civil penalties."); Perez v. Gen. Motors LLC, 2025 WL 2985229, at *3–4 (C.D. Cal. Oct. 22, 2025) ("[S]everal courts have found that maximum civil penalties may be included in calculating the amount in controversy. This is especially true where, as here, there are 'allegations in the [Complaint] that Defendant's conduct was willful.' 'Moreover, Defendant is not required to prove the case against itself.'" (citations omitted)).

Applying this maximum (two-times) civil penalty here ($28,245.23*2), as Defendant points out, brings the total amount to $84,735.69 ($28,245.23 + ($28,245.23*2)), which well exceeds

17

$75,000. See also Carillo, 546 F. Supp. 3d at 1003 (denying a motion to remand after finding the amount in controversy satisfied based on "the amount of actual damages available as restitution" of $25,018.70, which when adding the civil penalty of twice the amount ($50,037.40), amounted to a total of $75,056.10 in controversy); Perez, 2025 WL 2985229, at *4 (same, for $36,071.22 in damages plus a two-times civil penalty, for a total of $108,213.66). Accordingly, Defendant has demonstrated that it is more likely than not that the amount in controversy exceeds the threshold for diversity jurisdiction.

**CONCLUSION**

Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

DATED: May 6, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

18